Jeffrey A. Charlston (State Bar No. 65427)
   E-Mail: jcharlston@crwllp.com;
   Telephone: (310) 551-7010
Bruce T. Smyth (State Bar No. 89171)
   E-Mail: bsmyth@crwllp.com
   Telephone: (310) 551-7055
 OCHARLSTON, REVICH & WOLLITZ LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Facsimile:  (310) 203-9321

Attorneys for Plaintiff
Colony Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY, an Virginia corporation,<br><br>                            Plaintiff,<br><br>      vs.<br><br>PALMER TEMPLE STREET PROPERTIES, LLC, a California Limited Liability Company, PALMER TEMPLE STREET PROPERTIES, a California Limited Partnership, and GEOFFREY H. PALMER, a California citizen, individually and doing business as GH PALMER ASSOCIATES,<br><br>                            Defendants. | Case No.:   2:17-CV-02029<br><br>FIRST AMENDED COMPLAINT OF COLONY INSURANCE COMPANY FOR DECLARATORY RELIEF |

Colony Insurance Company ("Colony"), for its complaint, alleges:

**INTRODUCTION**

1.  Defendants herein have been named as defendants in an seven lawsuits filed in the Superior Court of California for the County of Los Angeles that arise

1  out of a December 8, 2014 fire that originated at the DaVinci Apartments, an
2  apartment project that was in the process of construction and owned by Palmer
3  Temple Street Properties, LLC at the time of the fire (collectively, the "Da Vinci
4  Fire Lawsuits").

6       2.  The Da Vinci Fire Lawsuits were tendered by defendants herein to
7  Colony for defense and indemnity, and Colony agreed to provide said defendants
8  with a defense and indemnity under the general liability insurance policy issued by
9  Colony to Palmer Temple Street Properties dba Da Vinci as the named insured, for
10 the policy period of November 13, 2012 to November 13, 2014, which bears policy
11 number AR6360682.

13      3.  Colony accepted the Da Vinci Fire Lawsuits for coverage did not assert
14 any limitations on coverage that would entitle defendants to be represented by
15 independent counsel, and retained experienced defense counsel on their behalf.

17      4.  Defendants have refused to cooperate with Colony, have refused to
18 permit counsel retained by Colony to defend the claims asserted against them in
19 the Da Vinci Fire Actions, and have retained their own attorneys as defense
20 counsel without Colony's consent.

22      5.  Pursuant to 28 U.S.C. §2201, Colony seeks a judicial determination that
23 (a) the limitations on coverage which exist under the Colony Policies in connection
24 with the claims asserted in the Da Vinci Fire Actions are not such that said
25 defendants are entitled to be represented by independent counsel, as opposed to
26 experienced defense counsel appointed and retained by Colony; and (b) Colony has
27 no obligation, under the Colony Policies or otherwise, to reimburse defendants for
28 any defense costs incurred by counsel retained by defendants to defend the Da

1 Vinci Fire Actions without Colony's consent, as opposed to defense counsel
2 retained by Colony and rejected by defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§ 1332(a)(1) in that the matter in controversy is between citizens of different states, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the limit of liability of under each of the Colony Policies is $1,000,000.

7. Pursuant to 28 U.S.C. § 1391(1), venue is appropriate in the Central District of California because jurisdiction is founded upon diversity of citizenship, the relevant Colony insurance policy was issued to defendants in the Central District of California, defendants reside and have their principal places of business located in the Central District of California, as the case may be, and the acts allegedly giving rise to the claims asserted in the Da Vinci Fire Actions arose in the Central District of California.

## THE PARTIES

8. At all times herein mentioned, plaintiff Colony was and is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located in Richmond, Virginia, and a citizen of the State of Virginia.

9. Colony is informed and believes, and thereon alleges, that defendant Palmer Temple Street Properties, LLC, is a limited liability company formed and

existing under the laws of the State of California, whose members are persons who are citizens of the State of California and/or entities formed and existing under the laws of the State of California with their principal places of business located in the State of California, with its principal place of business located in the Central District of the State of California, and a citizen of the State of California.

10. Colony is informed and believes, and thereon alleges, that defendant Palmer Temple Street Properties is a limited partnership formed and existing under the laws of the State of California, whose members are persons who are citizens of the State of California and/or entities formed and existing under the laws of the State of California with their principal places of business located in the State of California, with its principal place of business located in the Central District of the State of California, and a citizen of the State of California.

11. Colony is informed and believes that defendant Geoffrey H. Palmer, individually and doing business as GH Palmer Associates, is an individual who at all relevant times has resided in the County of Los Angeles, State of California, and a citizen of the State of California.

**FACTUAL BACKGROUND**

**A.   The Colony Policy.**

12. On or before November 13, 2012, Colony issued a general liability insurance policy to Palmer Temple Street Properties dba Da Vinci for the policy period of November 13, 2012 to November 13, 2014, and bearing policy number AR6360682 (the "Colony Policy").

13. A true and correct copy of the Colony Policy is attached hereto as Exhibit "A" and incorporated herein by this reference.

14. The Colony Policy, consistent with applicable California law, gives Colony the right to appoint defense counsel to defend claims against Colony's insureds, and to control the defense of such claims.

15. The Colony Policy provides that Colony shall have no obligation to pay for any defense costs or other obligations assumed by the insureds without Colony's consent.

**B. The Da Vinci Fire Actions.**

16. On or about February 18, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *The City of Los Angeles v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC610635, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "B" and incorporated herein by this reference.

17. On or about February 29, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *XL Insurance America, Inc. v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC612061, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014

fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "C" and incorporated herein by this reference.

18. On or about May 6, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *AMCO Insurance Company v.. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC619114, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "D" and incorporated herein by this reference.

19. On or about May 16, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *Lewis Brisbois Bisgaard & Smith LLP v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC620385, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "E" and incorporated herein by this reference.

20. On or about July 12, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *Federal Insurance Company, as subrogee of Lewis Brisbois Bisgaard & Smith LLP v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC626838, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed

in this action is attached hereto as Exhibit "F" and incorporated herein by this reference.

21. On or about October 5, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *Los Angeles Unified School District v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC636479, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "G" and incorporated herein by this reference.

22. On or about November 18, 2016, an action was filed in the Superior Court of California for the County of Los Angeles captioned *County of Los Angeles v. Geoffrey H. Palmer, Geoffrey H. Palmer dba GH Palmer Associates, Palmer Temple Street Properties, LLC, Palmer Temple Street Properties, et al.* and bearing case number BC6641304, wherein damages are sought against the parties therein named as defendants as a result of the December 8, 2014 fire. A true and correct copy of the complaint filed in this action is attached hereto as Exhibit "H" and incorporated herein by this reference.

23. Colony is informed and believes, and thereon alleges, that the aforementioned actions, referred to herein collectively as the Da Vinci Fire Actions, have been consolidated by the Los Angeles Superior Court.

///
///
///
///

## C. The Tender of the Da Vinci Fire Actions To Colony, and Colony's Acceptance of the Tender and Appointment of Defense Counsel.

24. When the defendants named herein began to be served in the Da Vinci Fire Actions, they tendered the claims asserted therein to Colony for defense and indemnity.

25. Colony accepted the tenders of defense, and appointed experienced trial counsel to provide a defense to all of the claims asserted against the defendants herein who were named as defendants in the Da Vinci Fire Actions.

26. Colony did not reserve any rights in accepting the tenders of defense by the defendants herein that would entitle such defendants to be represented by independent counsel.

27. The defendants herein refused, and have continued to refuse, to be represented by the experienced trial counsel retained by Colony to defend their interests in the Da Vinci Fire Actions.

28. On May 24, 2016, counsel for Colony communicated to counsel for the defendants herein, and summarized the position of Colony regarding said defendants refusal to be defended by counsel retained by Colony as follows:

> Colony has reserved no rights that entitle its insured to be represented by independent counsel.

///
///

{00134565.DOCX 1}   8
COMPLAINT OF COLONY INSURANCE COMPANY FOR DECLARATORY RELIEF

>Colony has agreed to provide a defense to the named insured and all persons and entities actually or alleged to be affiliated with it without reservation.
>
>Colony has the absolute right under California law to retain defense counsel of its own choosing, and it has done so by retaining a highly experienced casualty defense attorney, Mark Weinstein.
>
>Your clients are in material breach of the insurance contract.
>
>Colony will not pay for any legal services rendered, or purported to be rendered, by Mr. Costell or any other attorney not retained by Colony.
>
>Colony reserves all of its rights in this matter including, but not limited to, the right to bring an action for declaratory relief and seek a judicial determination that your clients are entitled to no benefits under the Colony policy as a result of their material breach of same. …

29. Under the Colony Policies, and under California law, Colony has the absolute right to appoint defense counsel to defend the interests of the defendants herein in the Da Vinci Fire Action.

30. The refusal by defendants herein to accept the defense offered by Colony under the Colony Policy constitutes a material breach of the insurance contract.

31. Colony has no obligation, under the Colony Policy or otherwise, to pay for defense costs incurred by personal counsel retained by defendants herein in

///

connection with the defense of the claims asserted in the Da Vinci Fire Actions, or to pay for any other defense expense that has not been approved by Colony.

## FIRST CLAIM FOR RELIEF
(Declaratory Relief)

32. Colony refers to the foregoing paragraphs 1 through 31, inclusive, and incorporates the same herein by this reference.

33. An actual controversy has arisen and now exists between Colony and defendants, and each of them, in that Colony contends, and defendants deny, that defendants are not entitled to be represented by independent counsel or counsel that has not been approved by Colony in connection with the claims asserted in the Da Vinci Fire Actions, and that Colony has no obligation to pay for, or afford reimbursement for, any defense expenses incurred by personal counsel retained by the defendants herein, or otherwise, which have not been approved by Colony.

34. Colony seeks, and is entitled to obtain, a judicial declaration that the defendants are not entitled to be represented by independent counsel or counsel that has not been approved by Colony in connection with the claims asserted in the Da Vinci Fire Actions, and that Colony has no obligation to pay for, or afford reimbursement for, any defense expenses incurred by personal counsel retained by the defendants herein, or otherwise, which have not been approved by Colony.

///
///
///
///
///

WHEREFORE, Colony prays for judgment against defendants, and each of them, as follows:

1. For a declaration that Colony has asserted no limitations on coverage with respect to the claims asserted in the Da Vinci Fire Actions that entitle the defendants herein to be represented by independent counsel at Colony's expense;

2. For a declaration that Colony has no obligation, under the Colony Policy or otherwise, to reimburse defendants for any defense costs incurred by counsel retained by defendants in the defense of the claims asserted in the Da Vinci Fire Actions without Colony's consent;

3. For Colony's costs of suit incurred herein; and

4. For such other and further relief as the Court deems appropriate.

Dated:  March 14, 2017                CHARLSTON, REVICH & WOLLITZ LLP
                                      JEFFREY A. CHARLSTON
                                      BRUCE T. SMYTH


                                      By_____
                                           Jeffrey A. Charlston
                                           Attorneys for Plaintiff
                                           Colony Insurance Company